SCHAFFNER *v.* McCULLOUGH.

Opinion delivered October 12, 1931.

*Metcalf, Metcalf & Apperson* and *C. M. Buck,* for appellant.

*James G. Coston* and *J. T. Coston,* for appellee.

362

Humphreys, J.  Appellee sued Morris Block and appellant in the circuit court of Mississippi County, Osceola District, to recover damages for personal injuries received by him through their concurrent acts of negligence.

After the institution of the suit. Block paid appellee $5,000 under a covenant not to sue him; whereupon appellee dismissed his suit against Block and proceeded against appellant alone.  The negligence alleged against appellant was that he negligently parked his truck and trailer diagonally across the concrete road leading from Manila to Blytheville after night without a tail light, causing an approaching car negligently driven by Morris Block to knock a truck in front thereof against appellee and break his leg and otherwise injure him.

Appellant filed an answer denying the negligence charged against him and pleading contributory negligence by appellee as an affirmative defense to the action.

The cause was submitted upon the pleadings, testimony, and instructions of the court, which resulted in a verdict and judgment against appellant, from which is this appeal.

Appellant, appellee, and J. T. Holcomb were drivers of trucks and trailers for different owners engaged in transporting lumber from Manila to Blytheville.  During the afternoon of September 19, 1928, the truck being driven by appellant was injured in a wreck so that he could not proceed with his load of lumber to Blytheville.  After J. T. Holcomb delivered his load, he came back and got appellant's load, and delivered it.  He then returned to assist appellant in taking his disabled truck back to Manila.  Appellee, in company with Joe Hornberger, came along and loaned appellant a log chain to fasten his truck on the trailer attached to the truck driven by J. T. Holcomb, so that Holcomb could pull appellant's truck and trailer into Manila.  Appellant got in Holcomb's truck with him, and they started with the understanding that appellee would follow along to see that the back truck and trailer followed along as they

should. Hornberger discovered that appellant's truck had slipped down and was scraping the tires of the trailer to which it was attached. They drove along opposite to Holcomb and told him of the injury being done to the tires of the trailer. So he stopped after parking both trucks and trailers as he and appellant thought, off the pavement. The evidence is in dispute as to whether the back truck and trailer were parked on the shoulder of the road or diagonally across the slab or pavement without leaving room for traffic to pass. There was no light on the back end of the rear trailer. After passing appellant and Holcomb, appellee drove his truck and trailer around in front of them and parked. He and Joe Hornberger went back and Hornberger was directed by appellant to go to the rear and strike matches which were given him by appellee to warn approaching cars. Appellant then asked appellee if he had a heavy pole, and, being informed that he did, requested him to get it. Just as he turned to go after it, Block ran into the rear trailer and knocked the trucks and trailers forward. In the movement forward, the front truck struck and injured appellee. The injury occurred about 7:30 P. M. Appellee testified that when he walked back he noticed that both trucks and trailers were parked one-half on the pavement and one-half off, and he knew they should be parked off the pavement, but that he did not tell appellant or advise him to move them off the slab. He also testified that he gave Joe Hornberger some matches and told him to go to the rear and strike them to warn approaching vehicles.

Appellee's action and recovery was based upon the negligent manner in which appellant's truck and trailer were parked on the pavement and his failure to light the rear end thereof in accordance with the requirements of the traffic statute. Even though appellant was negligent in these respects, yet the undisputed testimony reveals that appellee knew the conditions and undertook to render a service with his eyes open to the danger of performing same.

Appellant requested a peremptory instruction to which he was entitled under the doctrine of contributory negligence.

The judgment is therefore reversed, and the cause is dismissed.